James Weiler, AZ Bar No. 034371
Jason Barrat, AZ Bar No. 029086
**WEILER LAW PLLC**
5050 N.40th St., Suite 260
Phoenix, AZ 85018
Tel: & Fax: 480.442.3410
jweiler@weilerlaw.com
jbarrat@weilerlaw.com
www.weilerlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Sam Margolis**, an Arizona resident; and **Shawn Soward**, an Arizona resident;<br><br>Plaintiffs,<br><br>v.<br><br>**Webhelp Americas, LLC**, a Delaware company; and **Concentrix CVG Corporation d/b/a Concentrix + Webhelp**, a Delaware company;<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201, *ET SEQ.***<br><br>**(Jury Trial Requested)** |

Plaintiffs Sam Margolis and Shawn Soward ("**Plaintiffs**"), individually, and on behalf of all other persons similarly situated for their Collective Action Complaint against Defendants Webhelp Americas, LLC, ("**Webhelp**"); and Concentrix CVG Corporation (formerly known as Intervoice, LLC) d/b/a Concentrix + Webhelp (formerly known as Webhelp) ("**Concentrix**") (together known as **"Defendants"**), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs and the Collective Members[1] are current and/or former employees employed by either Defendant.

2. Plaintiffs bring this action on behalf of themselves and all other similarly situated Collective Members who were not fully compensated for their off-the-clock overtime wages.

3. Plaintiffs and the Collective Members were compensated on an hourly basis and were not paid one-and-one-half times their regular rates of pay for all off-the-clock time worked in excess of 40 hours in a given workweek.

4. Plaintiffs and the Collective Members bring this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "**FLSA**").

5. This is an action for equitable relief, overtime wages, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees one-and-one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek. *See* 29 U.S.C. § 207(a).

7. Plaintiff Margolis also brings a claim of retaliation in violation of the FLSA 29 U.S.C. § 215(a)(3).

8. Plaintiffs also bring an action for violation of A.R.S. 23-364(D) for Defendants' failure to provide Plaintiffs with copies of their payroll records upon request.

---

[1] Collective Members are fully defined below, under the Collective Action Allegations header.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has supplemental jurisdiction over Plaintiffs Arizona state law claims pursuant to 28 U.S.C. § 1367 as they are so related to the claims in the action for which the court has federal question jurisdiction that they form the same case or controversy.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conducted business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

12. At all relevant times to the matters alleged herein, Plaintiff Sam Margolis resided in the District of Arizona.

13. At all relevant times to the matters alleged herein, Plaintiff Sam Margolis was a full-time employee of Defendants from in or around October 4, 2021, to on or around May 2, 2023.

14. At all relevant times to the matters alleged herein, Plaintiff Sam Margolis was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

15. Plaintiff Sam Margolis was a non-exempt employee of Defendants.

16. At all relevant times to the matters alleged herein, Plaintiff Shawn Soward resided in the District of Arizona.

17. At all relevant times to the matters alleged herein, Plaintiff Shawn Soward was a full-time employee of Defendants from in or around November 2021, to on or around May 2023.

18. At all relevant times to the matters alleged herein, Plaintiff Shawn Soward was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

19. Plaintiff Shawn Soward was a non-exempt employee of Defendants.

20. Defendant Webhelp Americas, LLC is a company authorized to do business in Arizona.

21. Defendant Webhelp Americas, LLC was Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

22. Defendant Concentrix is a company authorized to do business in Arizona.

23. Defendant Concentrix was Plaintiffs' employer as defined by 29 U.S.C. § 203(d)

24. Plaintiffs are further informed, believe, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

25. Defendants, and each of them, are sued in both their individual and corporate capacities.

26. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

27. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

28. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2022.

29. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

30. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had and will have annual gross sales of at least $500,000 in 2024.

31. At all relevant times, Plaintiffs were engaged in commerce or the production of goods for commerce.

32. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

33. Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

34. Plaintiffs used the telephone and internet to communicate with Defendants and Defendants' customers.

35. Plaintiffs are covered employees under individual coverage.

36. Plaintiffs are covered employees under enterprise coverage.

**FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS**

37. Defendants are technology and service companies.

38. On or around October 4, 2021, Plaintiff Sam Margolis commenced employment with Defendants.

39. On or around November 2021, Plaintiff Shawn Soward commenced employment with Defendants.

40. Plaintiffs' primary job duties included providing client support, customer service, and gathering information.

41. Plaintiff Sam Margolis's regular rate of pay was $36.06 an hour.

42. Plaintiff Shawn Soward's regular rate of pay was $33.65 an hour.

43. Plaintiffs routinely worked in excess of 40 hours per week.

44. Plaintiffs were required to perform work off the clock.

45. Plaintiffs estimate that they worked around one to five hours of off-the-clock work in numerous workweeks from May/June of 2022 through May of 2023.

46. For example, during the pay periods in March of 2023, Plaintiff would work his regular 8 hours during the normal workday. Plaintiff Margolis and other employees would then be required to respond to communications that came in that evening from their Director who was located in Morocco. As a result, Plaintiff worked approximately 45 hours during the workweeks in March 2023. However, Plaintiff Margolis was not paid for all of the overtime hours he worked during those weeks.

47. Plaintiffs were not provided with the required one and one-half times pay premium as required by the FLSA for all their off-the-clock worked overtime hours.

48. At all relevant times during Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs for all their overtime hours.

49. Defendants were aware that Plaintiffs' working hours routinely exceeded 40 hours.

50. Defendants required Plaintiffs to work overtime as a condition of their

employment.

51. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due for overtime hours Plaintiffs worked.

52. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

53. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

54. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

55. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

56. Plaintiff Margolis reported Defendants' failure to compensate him for all overtime hours worked and unauthorized changes to his timecard to management and the company's HR department.

57. After reporting and objecting to the unlawful pay practices, Plaintiff Margolis was retaliated against.

58. Plaintiff Margolis was belittled and insulted by his manager Ernesto Marra.

59. Plaintiff Margolis was excluded from meetings and was no longer given quality leads or work.

60. On May 2, 2024, Plaintiff Margolis was terminated in retaliation for his objections to Defendant's unlawful failure to pay him all overtime hours worked in a given workweek.

61. On May 7, 2024, counsel for Plaintiffs requested their full payroll records

from counsel for Defendants pursuant to A.R.S. 23-364(D).

62. On May 13, 2024, counsel for Defendants, Jason Murphy, responded stating that "We are in the process of gathering these records and will get them to you shortly, sometime this week. Thanks".

63. On May 21, 2024, Counsel for Plaintiffs sent an email to counsel for Defendants stating he was "following up on this." with regards to the email request of May 7, 2024, for the payroll records.

64. On May 28, 2024, counsel for Plaintiffs sent an email to counsel for Defendants stating "I am following up on again on this. We plan on adding counts under A.R.S. 23-364 for attorneys' fees, costs, and forcing production if we do not receive these asap." Again, referring to the request for Plaintiffs' payroll records.

65. To date, Defendants have not provided Plaintiffs with their payroll records.

66. Despite repeated requests, Defendants have not provided Plaintiffs with their full payroll records.

67. As a result of Defendants acts or omissions, Plaintiffs have been damaged and has spent extra attorneys' fees because of Defendants failure to produce the payroll records.

## **COLLECTIVE ACTION ALLEGATIONS**

68. Plaintiffs, on behalf of themselves and the Collective Members, realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

70. The proposed collective class for the FLSA claim is defined as follows:

**All hourly employees; who work[ed] for Defendant Webhelp Americas, LLC and/or Concentrix within the past three years; who work[ed] over 40 hours in any given workweek as a past or present employee; who worked off-the-clock hours; who did not receive overtime compensation are known as (the "Collective Members").**

71. Plaintiffs have given their written consent to be a Named Party Plaintiff in this action pursuant to U.S.C. § 216(b).

72. Plaintiffs' signed consent forms are attached as **"Exhibit 1".**

73. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

74. At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and/or have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work.

75. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical or substantially similar.

76. Defendants paid Plaintiffs and the Collective Members an hourly rate.

77. Plaintiffs and the Collective Members routinely worked over forty (40) hours in a given workweek and were not compensated by Defendants with overtime pay for all off-the-clock hours they worked over forty in a given workweek.

78. The Collective Members perform or have performed the same or similar work as Plaintiffs.

79. Plaintiffs and the Collective Members were only paid straight time for all hours worked over 40 in a given workweek.

80. As such, the Collective Members are similar, if not identical, to Plaintiffs in terms of job duties, pay structure, and/or the denial of all overtime pay.

81. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Members.

82. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

83. All Collective Members, irrespective of their particular job requirements and job titles, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

84. Notice of this action should be sent to all similarly situated employees.

85. There are numerous similarly situated employees of Defendants who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.

86. Those similarly stated employees are known to Defendants and are readily identifiable through Defendants' records.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

87. Plaintiffs, on behalf of themselves and the Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

88. Plaintiffs and the Collective Members are/were non-exempt employees entitled to the statutorily mandated overtime wages.

89. While employed by Defendants, Plaintiffs and the Collective Members worked numerous hours of overtime that Defendants did not pay.

90. As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members all owed overtime according to the provisions of the FLSA.

91. Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

92. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA overtime requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

93. As a result of Defendants' failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).

94. Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**COUNT II**
**(RETALIATION IN VIOLATION OF – FLSA – 29 U.S.C. § 215(a)(3))**
**(PLAINTIFF MARGOLIS)**

95. Plaintiff Sam Margolis realleges and incorporates by reference all allegations in all preceding paragraphs.

96. Plaintiff Sam Margolis was employed by Defendants within the meaning of the FLSA.

97. Plaintiff Margolis engaged in protected activity by complaining to Defendants about violations of the FLSA and/or Defendants' failure to pay him for all overtime hours worked in a given workweek.

98. Plaintiff Margolis was discharged by Defendants for engaging in protected activity in violation of the provisions of the FLSA 29 U.S.C. § 215(a)(3).

99. As a result of Defendants' unlawful retaliation Plaintiff Margolis was damaged in an amount to be proven at trial.

100. Plaintiff Margolis is entitled to compensation for lost wages, plus an additional equal amount as liquidated damages, compensatory, and punitive damages together with interest, reasonable attorney's fees, and costs

**COUNT III**
**(VIOLATION OF A.R.S. 23-364(D))**
**(PLAINTIFFS MARGOLIS & SOWARD)**

101. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

102. Pursuant to A.R.S. 23-364(D), Employers shall permit an employee or his or her designated representative to inspect and copy payroll records pertaining to that employee.

103. On May 7, 2024, counsel for Plaintiffs requested their full payroll records

from counsel for Defendants pursuant to A.R.S. 23-364(D).

104. On May 13, 2024, counsel for Defendants responded stating that "We are in the process of gathering these records and will get them to you shortly, sometime this week. Thanks"

105. On May 21, 2024, Counsel for Plaintiffs sent an email to counsel for Defendants stating he was "following up on this." with regards to the email request of May 7, 2024 for the payroll records.

106. On May 28, 2024, counsel for Plaintiffs sent an email to counsel for Defendants stating "I am following up on again on this. We plan on adding counts under A.R.S. 23-364 for attorneys' fees, costs, and forcing production if we do not receive these asap." Again, this email is referring to the request for Plaintiffs' payroll records that was originally made on May 7, 2024.

107. To date, Defendants have not provided Plaintiffs with their payroll records in violation of A.R.S. 23-364(D).

108. Pursuant to A.R.S. 23-364(E), a civil action to enforce this article may be maintained in a court of competent jurisdiction.

109. Pursuant to A.R.S. 23-364(G), a prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit.

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A. Designation of this action as a Collective Action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29

U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. For the Court to declare and find that Defendants' committed one or more of the following acts:

    i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages;

    ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

    iii. Violated the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3);

    iv. violated A.R.S 23-364(D).

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award lost wages.

E. For the Court to award compensatory and punitive damages.

F. For the Court to award prejudgment and post-judgment interest;

G. For the Court to award Plaintiffs' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b), A.R.S. 23-364(G), and all other causes of action set forth herein;

H. For the Court to provide reasonable incentive awards for the named Plaintiffs to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks he took in doing so;

I. For the Court to order injunctive relief for Defendants to produce Plaintiffs'

payroll records; and

    J.    Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED July 1, 2024.

**WEILER LAW PLLC**

By: /s/ James Weiler
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Plaintiffs